**JOSEPH A. GROB, P.C.**
345 SEVENTH AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10001
TEL.: (516) 993-7336
FAX: (866) 651-3196

July 13, 2016

**Via ECF**

Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

                Re:   *United States v. Jason Galanis et al*
                      16-cr-0371-4 (RA)

Dear Judge Abrams:

      This firm represents defendant Hugh Dunkerley in the above-captioned matter. This letter/motion is respectfully submitted on behalf of Mr. Dunkerley to request that the conditions of his bond be modified by suspending the home confinement and location monitoring provisions of the bond when Mr. Dunkerley travels to New York for meetings with counsel.

      The conditions of Mr. Dunkerley's bond require home detention with location monitoring and the monitoring is being conducted where Mr. Dunkerley resides in the Central District of California.  It is the policy of the Central District of California to remove the location monitoring when a defendant travels outside the District for meetings with counsel.  While the bond permits Mr. Dunkerley to travel to New York for meetings with counsel, the bond is unclear as to the conditions of his release when visiting New York to meet with counsel.  I have been contacted by Pretrial Services in the Southern District of New York and I was asked to obtain clarification of the conditions of Mr. Dunkerley's bond when he visits New York for meetings with counsel.

      During the course of my representation of Mr. Dunkerley he will likely be asked to come to meet with me in New York on multiple occasions, and accordingly, it would be helpful to have clarification on the issue of his travel to New York for such meetings so that we will not need to trouble this Court on each occasion.  In the meantime, I have asked Mr. Dunkerley to come to New York to meet with me during the week of July 18, 2016.  He has made reservations and is scheduled to depart California on July 19, 2016 and arrive in New York in the early morning hours of July 20, 2016.  Mr. Dunkerley will be meeting with me on July 20, 2016, July 21, 2016 and possibly in the morning on July 22, 2016.  Additionally, Mr. Dunkerley may have to attend a court conference before Judge Pauley on July 21, 2016 at 3:00 P.M. in the matter of *SEC v. Archer, et al.*, 16-cv-3505 (WHP).  Mr. Dunkerley is scheduled to depart New York on July 22, 2016 at 4:30 P.M. and will arrive back in California later that evening.  While in New York, Mr. Dunkerley will be staying at a Hotel in lower Manhattan.[1]   Mr. Dunkerley has requested and obtained permission from his supervising Pretrial Officer in California to travel to New York next week for meetings with counsel.

---

[1]  Pretrial services has been (and will be) provided with Mr. Dunkerley's specific itinerary including flight numbers and the name and the address of the hotel prior to any travel.

Hon. Ronnie Abrams
July 13, 2016
Page 2

      Because Mr. Dunkerley does not live in New York, he will need to be able to travel within New York to meet with me at my office and he will need to be able to purchase food and tend to his personal needs.  I believe that requiring home confinement and location monitoring while visiting New York for meetings with counsel and while staying at a hotel would present some logistical issues.

      I have conferred with the Government and we jointly suggest that when Mr. Dunkerley is making these short trips (of up to two weeks) to New York to meet with counsel, that the location monitoring and home confinement requirements be suspended during those visits.  I have also conferred with SDNY Pretrial Services Officer Lea Harmon who advises me that Pretrial Services has no objection to this request.  If Mr. Dunkerley opts to relocate to New York as this matter gets closer to trial, we will request a further adjustment to Mr. Dunkerley's bail conditions at that time.

      In light of the above, I respectfully request that the location monitoring and home confinement aspects of Mr. Dunkerley's bond be suspended when he visits New York for meetings with counsel so long as his visits are for a period of time of two weeks or less.  If any visit will exceed a two week stay, we will seek further guidance from the Court.

      Thank you in advance for Your Honor's consideration in this matter.

      Respectfully submitted,

      Joseph A. Grob

cc:    AUSA Aimee Hector (via ECF & email)
       AUSA Brian Blais (via ECF & email)
       AUSA Rebecca Mermelstein (via ECF & email)
       Hugh Dunkerley (via email)